**Danilo A. PINEDA, a/k/a Pineda Danilo, a/k/a Danilo Pineida, a/k/a John Doe, Petitioner,**

v.

**Jefferson B. SESSIONS III United States Attorney General, Respondent.**

**16-2563**

United States Court of Appeals, Second Circuit.

February 13, 2018

FOR PETITIONER: Stacy Taeuber, Maria Navarro, for Seymour James, Attorney-in-Chief, The Legal Aid Society, New York, New York.

FOR RESPONDENT: Rachel L. Browning, Keith I. McManus, for Chad A. Readler, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

PRESENT: Guido Calabresi, José A. Cabranes, Raymond J. Lohier, Jr., Circuit Judges

### SUMMARY ORDER

Petitioner Danilo Pineda ("petitioner" or "Pineda") seeks review of a decision of the Board of Immigration Appeals ("BIA") in which the Board dismissed his appeal from an Immigration Judge's denial of his request for a continuance of removal proceedings to await the adjudication of his U visa application by U.S. Citizenship and Immigration Services ("USCIS"). We assume the parties' familiarity with the facts, the underlying procedural history, and the issues presented on appeal.

We have jurisdiction to review decisions by the BIA to grant or deny continuances. *Sanusi v. Gonzales*, 445 F.3d 193, 198–99 (2d Cir. 2006) (per curiam). We review the BIA's decision to deny a continuance for abuse of discretion. *Id.* at 199.

USCIS, which possesses sole authority to review U visa applications, denied Pineda's applications for a U visa and a concurrent waiver of inadmissibility[1] on January 30, 2017. Pineda argues that this decision does not render his petition moot because his motion to reopen his U visa application

---

1. Pineda applied for a waiver of inadmissibility alongside his U visa application. Such a waiver was required in order for USCIS to consider his U visa application, as a U visa applicant must be admissible to the United States or otherwise seek a waiver of inadmissibility from USCIS. *See* 8 C.F.R. §§ 212.17(a), 214.1(a)(3)(f), 214.14(b) & (c)(2)(iv).

remains pending with the Administrative Appeals Office. However, because Pineda has effectively been granted the relief he sought (namely, a six-month delay in removal proceedings), his petition is moot. *See Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) ("A case becomes moot, if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III, Section 2, of the Constitution.").

We hereby DISMISS as moot Pineda's petition for review of the BIA's order of July 13, 2016.